IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TORRIE JOHNSON,

    Plaintiff,

v.

BALTIMORE CITY POLICE
DEPARTMENT, et al.,

    Defendants.

CIVIL NO.: WDQ-12-0646

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Torrie Johnson, *pro se*, sued the Baltimore City Police Department (the "Police Department") and others[1] (collectively, the "Defendants") for civil rights violations and Maryland state law claims. Pending are Johnson's motions to strike Long and Taylor's answer and file a "surreply" to Morton and McClelan's answer; to "stay" leave to file an amended complaint; to appoint counsel and "stay" responses; and to modify the scheduling order. For the following reasons, the motions will be denied.

---

[1] Johnson also sued the Mayor and City Council of Baltimore (the "City"); former Baltimore City Police Commissioner Frederick Bealefeld; Baltimore City Police Officers Adam Long, Bernard Taylor, and John and Jane Does 1-10; Police Department supervisors Richard and Jane Roes 1-10; the Director--on May 1, 2010--of the Baltimore City Department of Transportation (the "BCDT") James Doe; and BCDT Parking Control Agents Lynette Morton and Linda McClelan. ECF No. 1. On January 29, 2013, Johnson's claims against the City, Police Department, and Bealefeld were dismissed without prejudice. ECF Nos. 36, 37.

I. Background

This case arises out of an alleged May 1, 2010 traffic incident involving Johnson, Baltimore City police officers, and BCDT parking control agents, in Baltimore, Maryland.[2] On February 28, 2012, Johnson filed suit against the Defendants, asserting claims under 42 U.S.C §§ 1983 and 1985 and Maryland tort law. ECF No. 1. On March 2, 2012, Johnson was granted leave to proceed *in forma pauperis*. ECF No. 3. On May 31, 2012, Johnson moved for appointed counsel. ECF No. 17. The motion was denied. ECF No. 18. Several of the Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(5) and (6). ECF Nos. 6, 13, 15. On January 29, 2013, the Court denied Long and Taylor's motion to dismiss for insufficient service of process; granted the Police Department and Bealefeld's motion to dismiss for failure to state a claim; and granted in part and denied in part the City, McClelan, and Morton's motion to dismiss for failure to state a claim. ECF Nos. 36, 37. Counts Three, Six, and Seven remain. *See* ECF No. 1.[3]

---

[2] For a more detailed factual background, see ECF No. 36.

[3] The remaining counts charge violation of, and conspiracy to violate, Johnson's First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, through (1) malicious prosecution (Count Three); (2) unreasonable searches and seizures (Count Six); and (3) false arrest/false imprisonment (Count Seven), against Long, Taylor, McClelan, Morton, and the unnamed Defendants. *See* ECF No. 1 at 5-6.

The Court's January 29, 2013 order granted Johnson leave to file an amended complaint within 30 days. ECF No. 37. On February 11, 2013, McClelan and Morton answered the complaint. ECF No. 38. Long and Taylor answered the complaint one day later. ECF No. 39. On February 27, 2013, Johnson moved to strike Long and Taylor's answer. ECF No. 40. That day, Johnson also moved to "stay" the 30-day period within which she could amend her complaint and for leave to file a "surreply" to McClelan and Morton's answer. ECF Nos. 41, 42. On March 6, 2013, Long and Taylor opposed the motion to strike. ECF Nos. 43, 44. On March 14, 2013, Johnson moved for appointed counsel and to "stay" responses. ECF No. 45. On April 8, 2013, the Court issued a scheduling order. ECF No. 46. On April 22, 2013, Johnson moved to modify, and "stay" responses to, the scheduling order. ECF No. 50.

II. Analysis

A. Motion to Strike Long and Taylor's Answer (ECF No. 40)

Johnson moves to strike Long and Taylor's answer to the complaint, on the grounds that the officers "failed to appear, or otherwise defend themselves in a timely manner in this action[,] and are therefore in default." ECF No. 40 ¶ 1. Long and Taylor contend that the answer was filed within 14 days of the Court's January 29, 2013 memorandum opinion and order

denying their motion to dismiss for insufficient service of process, and was thus timely. ECF No. 43 ¶ 3.

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading an insufficient defense or any "redundant, immaterial, impertinent, or scandalous matter." Rule 12(a) provides, in relevant part:

> **(1)** *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
> **(A)** A defendant must serve an answer:
> **(i)** within 21 days after being served with the summons and complaint[.]
> * * *
> **(4)** *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
> **(A)** if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]

Fed. R. Civ. P. 12(a) (emphases in original).

On January 29, 2013, the Clerk filed the Court's memorandum opinion and order denying Long and Taylor's motion to dismiss for insufficient service of process. ECF Nos. 36, 37. Long and Taylor filed their answer to the complaint 14 days later, on February 12, 2013. ECF No. 39. The answer was thus timely under Rule 12(a)(4)(A). Further, it is neither insufficient nor redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f); *see also Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993) (Rule 12(f) motions seek "a drastic remedy which is

disfavored by the courts and infrequently granted"). Johnson's motion to strike will be denied.[4]

B. Motion to Stay Leave to File Amended Complaint (ECF No. 41)

Johnson has also moved to "stay" the 30-day period within which she was granted leave to amend her complaint. ECF No. 41; see ECF No. 37. None of the remaining Defendants has responded to the motion. See docket.

The Court's January 29, 2013 order granted Johnson leave to amend her complaint within 30 days. ECF No. 37. On February 27, 2013, Johnson moved to "stay"--in effect, to extend--that 30-day period, for an unspecified period of time. ECF No. 41. Under Federal Rule of Civil Procedure 6(b)(1), when an act must be done within a specified time, the court may, for good cause, extend the time:

> **(A)** with or without motion or notice if the court acts, or if a request is made, *before* the original time or its extension expires; or
> **(B)** on motion made *after* the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1) (emphasis in original).

In support of her motion, Johnson asserts that she "wishes to await the Court[']s response" to the motion to strike, "in order to determine which Defendants to include in the Amended

---

[4] To the extent that Johnson argues Long and Taylor's motion to dismiss for insufficient service of process (ECF No. 13) was untimely filed, her objection is moot: the motion was denied. See ECF Nos. 36, 37.

Complaint." ECF No. 41 ¶¶ 1-2. Johnson also states that she "needs time to research the Amended Complaint process." *Id.* ¶ 4. Neither reason provides "good cause" to extend the significant period of time already provided to Johnson. Thus, Johnson's motion to stay, construed as a Rule 6(b) motion to extend, will be denied.[5]

   C. Motion for Leave to File "Surreply" to McClelan and
      Morton's Answer (ECF No. 42)

Johnson moves for leave to file a "surreply" to McClelan and Morton's answer to the complaint, on the grounds that their answer contains misleading and inaccurate statements, and she "is not financially able" to incur the costs associated with pursuing the litigation. ECF No. 42 ¶¶ 1-2. McClelan and Morton have not responded to the motion. *See* docket. A party may file a reply to an answer "if the court orders one." Fed. R. Civ. P. 7(a)(7). The Court has not done so. Nor is the Court persuaded that such an order should issue; any inaccuracies in the Defendants' case will be revealed in pretrial discovery. Johnson's motion to submit a "surreply" to McClelan and Morton's answer to her complaint, construed as a motion for leave to reply to the answer, will be denied.

---

[5] Johnson is not without recourse. By the express terms of the April 8, 2013 scheduling order, she may move to amend her complaint, and/or to join additional parties, by May 23, 2013. ECF No. 46 at 2.

D. Motion to Appoint Counsel and "Stay" Responses (ECF No. 45)

Johnson moves for appointed counsel and to "stay" responses until counsel is appointed. ECF No. 45. No Defendant has responded. *See* docket. The Court has discretion to appoint counsel for an indigent plaintiff who presents "exceptional" circumstances. 28 U.S.C. § 1915(e)(1); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Whether such circumstances exist depends on the type and complexity of the case, and the litigant's abilities. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989); *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Only three causes of action remain in this case. *See* ECF Nos. 36, 37. Johnson has adequately presented her claims. The Court finds that exceptional circumstances do not exist sufficient to warrant appointment of counsel. Thus, Johnson's motion will be denied on the merits as to the motion to appoint, and as moot as to the motion to "stay" responses until counsel is appointed.

E. Motion to Modify Scheduling Order and "Stay" Responses Thereto (ECF No. 50)

Johnson moves to modify the scheduling order, asserting that she lacks the "legal expertise" to comply with the order's deadlines. ECF No. 50 ¶ 2.

District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934 (1987). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "primary consideration" in a Rule 16(b) "good cause" analysis is "the movant's diligence." *Mesmer v. Rezza*, No. DKC-10-1053, 2011 WL 5548990, at *5 (D. Md. Nov. 14, 2011). "Lack of diligence and carelessness are the hallmarks of failure to meet the good cause standard." *Id.* (internal quotation marks omitted); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) ("The focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." (emphasis and internal quotation marks omitted)). Faced with a request to modify the scheduling order, the Court also considers "whether the non-moving party could be prejudiced by the delay, the length of the delay, and whether the movant acted in good faith." *Mesmer*, 2011 WL 5548990, at *5 (*citing Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010)).

Johnson seeks a four-month extension of the deadlines in the initial scheduling order. *See* ECF No. 50. The sole basis for the modification is that she "is not an Attorney and does not have the legal expertise to respond to the requirements of

the Scheduling Order by the deadlines dictated [therein]." *Id.* ¶ 2. Johnson also states that she "needs additional time to obtain legal counsel." *Id.* ¶ 3. As discussed above, appointment of counsel is not appropriate. *See supra* Part II.D. Moreover, Johnson's lack of legal experience is not, by itself, "good cause" sufficient to justify a four-month delay in the proceedings. Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 1 (federal rules of civil procedure should be construed and administered to "secure the just, speedy, and inexpensive determination of every action and proceeding").

Johnson's motion to modify the scheduling order will be denied. However, as a *pro se* litigant, she will be excused from the order's electronic filing requirements; instead, she should send paper copies of documents to be filed to the Clerk's Office.

III. Conclusion

For the reasons stated above, Johnson's pending *pro se* motions will be denied.

4/30/12
Date

William D. Quarles, Jr.
United States District Judge